Alright, let's go to the panel session. Mr. Clerk, will you call the next case please? Case number 315-0511, Patrick Smith-Collins. Identity of the phone for Illinois State Police. We have the lead by Daniel Hardwick. Good morning, Your Honor. Police and Court. Your Honor, this is a case where Patrick Smith applied for a void card and was denied for several different reasons. And we filed suit for judicial review of the decision. At trial court, the case was, there was a motion to dismiss by the State and the motion to dismiss was granted, though without reasoning. It didn't state what the reason was. So we brought this appeal and there are several arguments made by the State on why the void card shouldn't be issued, but I believe the strongest one is that it would be in violation of federal law. Federal law prohibits Smith from possessing a firearm under 430 ILCS 65-8N because he had been previously convicted of a domestic violence case. However, in the law there are two sections that would allow the State to grant the card if they felt that substantial justice had not been done. And the State argues that that couldn't be done. Both of those sections that would allow for my client to reapply for the void card through the circuit court would still be, would still fail because in the end it would violate federal law. And I believe that the case of Korn versus the State of Illinois is controlling here, which is a Supreme Court case. And in that case, the court stated that the State could grant the application for the gun card, and I'll read from the case a little bit. The circumstances regarding a criminal conviction where the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety and granting relief would not be contrary to public interest. The State argues, though, that the State does not have the right to do that, basically to go against the federal law. And I believe that the Korn case stated that it does. And then it goes on because there was an amendment to that law which made it, agreeably, tougher for someone to get that void card. However, the court in Korn still stated that, however, given our construction of the statute and our interpretation of its effect, it would not matter if the amendments were in effect. Relief granted pursuant to statutory review removes the federal firearm disability. Now, the State, in their brief, stated that that was just dictum. And the way I read it, I believe that it's stronger than dictum. I believe that it's law. The State, also in their brief, cites several cases where Korn was interpreted as to not allow my client the relief that he seeks. However, those were all appellate court cases and not Supreme Court cases. And I believe that Korn is still the law. The State, also in their brief, talks about the concurring opinion in Korn and states, in that opinion, I will also agree that there is some language where the two justices state that they're not sure if they would follow Korn with the amendments. However, the last line of the two justices' concurrence state that there is no need, therefore, for this court to determine whether Korn can overcome any federal prohibition on possessory firearms. For this reason, I do not join in the majority's opinion. In their brief, the State states that those two concurring justices would have not allowed the application to succeed because of the new amendments. And then they add the two dissenting justices and, therefore, come up with the argument that the majority of the justices would not approve, would not follow Korn with the new amendment. And I disagree with that based on what the final sentence was in that concurring opinion. So I believe that you can't count those justices quite yet. I mean, I think it's completely speculation. So, again, Korn is still a law and Korn allows for the State to issue the void card even with the new amendments to the law. If in its discretion they determine that he doesn't pose a continuing risk? That's correct, Your Honor. I believe that's exactly right. They have discretion. Now, there are other reasons why the State does not think that the card should be that my client should not be allowed to get a void card. One of those was that he allegedly answered on his application, well, it was an incorrect answer, but the State is stating that he lied on the application. The question was, you know, had you been involved in criminal activity in the past or have you been convicted of a crime in the past? Well, my client answered no, where he had been involved in criminal I mean, he does have a criminal record. However, his statement was he had had a background check for a job and the background check came back and showed that he had no criminal history. So it was his belief that any of the history that he had had been expunged or was no longer a record so that he could honestly answer the question no, that he didn't have a criminal record. Now, whether that's the intelligent thing to do or not, I don't think is the question. Is it reasonable for him to believe that? I think that it is. We as lawyers often equate the way we think about things with how lay people think about things and I have found at least that it's very different. I've asked clients many times after cases what just happened when I thought everyone understood and they really don't. A lot of clients don't understand what just happened. What was the question? The question the specific question was have you ever been convicted of a crime? I believe it was have you ever been convicted of a crime? That's what I believe the question was, though I'm not positive. And my client had been convicted of a crime but yet still answered no. But I think that it has to be intentional and I don't think he intentionally was attempting to lie. And assuming that he did do it intentionally it wouldn't be very smart because the location is going to the state police so obviously they're going to have your record. Hopefully my client is at least smarter than that. But I do believe it was unintentional. But the question wasn't is there a crime currently on your record? The question was have you ever been convicted of a crime? Which, I'm sorry, he had to know that. I understand that. I understand. I believe, though, based on the arguments I've made, Judge, Your Honors, that the state court their decision to dismiss the case should be overturned and my client should be allowed to apply for the void card and to receive the card. Thank you very much. Thank you. Mr. Hartwig. Good morning, Your Honors. May it please the court, counsel. I am Assistant Attorney General Dan Hartwig on behalf of the Illinois State Police. As this court considered recently in O'Neill, the plain language of the Floyd Act as amended in 2013 and well-settled case law support the judgment of the circuit court dismissing plaintiff's 2014 Floyd card application based on his domestic battery conviction. The Floyd Act allows the state police to deny an application for a Floyd card for an applicant who was barred by federal law from possessing a firearm. Here, because of the plaintiff's domestic battery conviction, he is barred by federal law from possessing a firearm. Following the 2013 amendments, the circuit court then was not authorized to issue him a Floyd card under the Act as interpreted by this court, the majority of the justices in quorum, and other districts of this court. This court should affirm the judgment of the circuit court dismissing the plaintiff's complaint. Basically, the outline of the Act is Section 8N of the Floyd Act allows the state police to deny an application for anyone who is barred from possession of a firearm by federal law. There is no dispute that the plaintiff was convicted of domestic battery in 1996. Then this affirmative matter doomed his application and his subsequent petition for review. Section 922G9 of the Federal Gun Control Act bans those with prior conviction for misdemeanor crimes of domestic violence from possessing a firearm. Is there any discretion? To the state police, not on this issue, no. Not if they're banned by federal law or barred by federal law. You said when you were speaking that the statute allows the state police to deny a void card. Is that the language in the statute? I don't know if I have that section in front of me. I do not have that section in front of me. I believe the statute says that they may deny an application on the basis of that. So it implies some discretion. From my remembrance of that section, I apologize again, I don't have it in front of me. The usage of may would indicate that. However, later in the statute, there is no discretion for when following denial, the appeal procedure, there isn't discretion when there is that federal bar in place. If we assume for the moment that there is some wiggle room in the statute and there is some discretion that's allowed, is there anything that would indicate that the state police exercised discretion in the decision to deny the card? The language that the state police used in their denial letter is that they are prohibited from issuing. So they did not assume from that language. They just stated that he has this misdemeanor crime of domestic violence and he's barred by the Federal Gun Control Act from possessing a firearm. Ergo, we cannot issue a FOIA card. What about with regard to the lying on the application? With respect to lying on the application, that one, the language of that section, I based my arguments in the brief on the domestic battery conviction, largely due to the fact that because this was a dismissal, it didn't get into the lying on the application. The language that allows the state police to deny on that indicates the applicant has to intentionally lie, obviously to show that they're trying to mislead the police and therefore because the record was undeveloped, we decided to rest on the domestic battery conviction. So there is, my guess is there would be some discretion with that because you have to consider intent and therefore you have to examine it and exercise some discretion as to whether or not it was an intentional action. Thank you. So because then returning, because a plaintiff has his prior conviction for domestic battery, the Federal Gun Control Act bars his possession and then the state police deny it. Upon a denial, the applicant may petition the circuit court for review when his application has been denied on the basis of the domestic battery. Other situations, they may allow for review under the administrative review law, but for this situation, it only may be petitioned to the circuit court. However, Sections B and C-4 under the 2013 amendments indicate specifically that the court shall not issue an order if the petition is barred by Federal law. And there, Section C-4 is that no relief may be granted if contrary to Federal law. Therefore, under the 2013 amendments, the FOIA Act, the court circuit court could not issue a FOIA card to a plaintiff because of his domestic battery conviction and therefore could not grant relief requested and dismissal was proper. Plaintiff argues that quorum supports his contention that the court may grant relief. However, subsequent to the 2013 quorum, discussed the FOIA Act prior to the amendments. Subsequent to the amendments, there is no discretion. This court and other appellate courts and a majority of the justices, though not authoritative, discuss the fact that there may be no discretion. Therefore, the circuit court could not grant relief at dismissal. We don't have any holding from the Supreme Court on that precise issue? Correct. That precise issue, post-amendment, we do not have an official FOIA holding. We have O'Neill, we have Frederick. I'm pointing this court to its wise words in O'Neill and wise applications. But there is not. Correct, the Supreme Court does not. We're just going to read the entrails of chickens. If we get into quorum on this precise issue. All there is now is appellate opinions on that precise issue. Right. Some read the tea leaves and some I'll write a few. If you read the tea leaves, you're right. That is where we are. To this point, it's been unanimous in support of the State Police's argument that there is not discretion. The FOIA card, in this situation, could not be issued. Does the court have any other questions? Thank you, Your Honor. Thank you. Again, I think it's important that the domestic battery that we're talking about was committed over 20 years ago. If the State's argument is correct, that means that he has a life sentence against ever getting a gun card again. I don't know if that's right. I do believe quorum allows for him to at least go to circuit court and attempt to get the card by overruling the State's denial. Because of that, again, I believe that the motion or the order of dismissal should be overturned. Thank you. We will take this matter under advisement. We now take a short recess.